**05 10913 WGY**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO:

| | |
|---|---|
| ROBERT LINGLEY,   )  <br>   )  <br>    Plaintiff    )  <br>   )  <br> VS.   )  <br>   )  <br> BERNARDI'S, INC   )  <br>   )  <br>    Defendant   )  <br>   ) | MAGISTRATE JUDGE _____ <br><br> # _63944_ <br> AMOUNT $ .250 <br> SUMMONS ISSUED ✓ <br> LOCAL RULE 4.1 _____ <br> WAIVER FORM _____ <br> MCF ISSUED _____ <br> BY DPTY. CLK. _CMC_ <br> _____ 5-3-15 |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.    JURISDICTION AND VENUE

1. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C.A, § 1331, where jurisdiction arises under the constitution of the United States and amendment to the constitution or an act of congress or treaty of the United States.

2. Venue in this district is proper under 28 USC, § 1391.

### I.    PARTIES

3. Plaintiff, Robert Lingley is an individual with a residential address of 11 Cypress Road, Natick, Middlesex County, Massachusetts 01760.

4. Defendant, Bernardi's, Inc (hereinafter referred to as "Bernardi"), is a Massachusetts Corporation with a principal place of business at 960 Worcester Road, Natick, Middlesex County, Massachusetts 01760.

### II.    BACKGROUND

5. Bernardi employed Mr. Lingley as a service advisor in its dealership located at 960 Worcester Road, Natick, Middlesex County, Massachusetts beginning in September 2002.

6. On or about April 1, 2005, Mr. Lingley was fired from his employment at Bernardi.

7. Bernardi is an East Natick, Massachusetts Volkswagen Dealership that sells new and used Volkswagens.

8. Mr. Lingley's duties and responsibilities as a service advisor for Bernardi included keeping customers informed about the progress of their vehicles, ensuring complaints were processed quickly and efficiently, ensuring replacement goods were ordered if necessary, and maintaining an accurate filing system.

9. The "Bernardi Employee Handbook" ("Handbook"), states that Bernardi operates on a forty (40) hour workweek with a normal workday of eight (8) hours.

10. The Handbook further states that in some offices and departments, because of the workload and/or nature of the work, different hours are required. Sales and service are the most notable of these departments.

11. The Handbook also states that occasionally it may be necessary for one to work more than the regularly scheduled workweek. Anyone who is a non-exempt employee and who works over forty (40) hours a week will be paid time and one half (1/2) for the hours worked over forty (40).

12. Mr. Lingley, as a service advisor, worked in the service department. He regularly worked from on or about 7:15 a.m. to on or about 5:30 p.m. Due to the workload, Mr. Lingley was frequently unable to take a one-hour lunch break. In addition, Mr. Lingley was frequently compelled to begin work at 6:30 a.m. or finish work at 6:00 p.m. due to the workload. Mr. Lingley also attended bi-monthly meetings, which were held until around 7:30 p.m.

13. Therefore, since on or about September 2002, Mr. Lingley worked at Bernardi as a service advisor for fifty (50) to fifty-five (55) hours each and every week.

14. Mr. Lingley worked in excess of ten (10) to fifteen (15) hours per week over the regularly scheduled forty (40) hours per week since on or about **September 2002**.

15. In addition, commencing on or about June 2004, Mr. Lingley was required to work two (2) Saturdays a month from 8:00 a.m. to 2:00 p.m.

16. Commencing November 2002, Mr. Lingley was required to work the first Saturday each and every month from 8:00 a.m. to 2:00 p.m.

17. Mr. Lingley is a non-exempt employee, as he does not perform an executive, administrative or professional function at Bernardi nor does he perform duties of a salesman, mechanic or partsman as defined in the Code of Federal Regulations. In addition, Mr. Lingley has worked in excess of forty (40) hours per week since September 2002. He is therefore entitled to over-time.

18. However, Mr. Lingley was never paid over-time for any of the hours he worked over forty (40) hours per week since September 2002.

19. Any and all over-time hours worked by Mr. Lingley had the prior approval of the department head.

## COUNT I

### Violation of 29 U.S.C.A, 201

20. Plaintiff repeats and realleges the allegations as set forth above, as if fully restated.

21. The Plaintiff, Robert Lingley worked for the Defendant in excess of the maximum forty (40) hours per week provided by said Act.

22. The Defendant's actions as set forth above, establish that Defendant failed to pay Plaintiff for those hours and no payments were made to Plaintiff by Defendant at the rate of time and one half (1/2) for the hours worked by Plaintiff in excess of the hours provided in said Act.

23. Defendant's actions as set forth above, establish willful violation of 29 U.S.C.A, Section 216 (b).

24. As a direct and proximate result of Defendant's actions set forth above, Plaintiff has suffered damages, including but not limited to, the deprivation of over-time compensation and the cost of attorney's fees.

25. **WHEREFORE**, Plaintiff prays for Judgment against the Defendant for an amount to be determined at trial, which shall include the amount of Plaintiff's unpaid minimum wages, an additional equal amount as liquidated damages and the payment of Plaintiff's reasonable attorney's fees and costs to be paid by the Defendant.

## COUNT II

### Violation of M.G.L.A., 151, Section 1A

26. Plaintiff repeats and realleges the allegations as set forth above as if fully restated.

27. Defendant employed Plaintiff as a Service Advisor for a workweek longer than forty (40) hours and failed to pay Plaintiff compensation for Plaintiff's employment in excess of forty (40) hours at a rate not less than one and one half (1 ½) times the regular rate at which he is employed.

28. Therefore, Defendant is in violation of M.G.L.A., Chapter 152, § 1A.

29. **WHEREFORE**, Plaintiff prays for a Judgment against Defendant in an amount to be determined at trial plus attorney's fees, interest and costs.

## COUNT III

### Violation of M.G.L.A., Chapter 151, § 1B

30. Plaintiff repeats and realleges the allegations as set forth above as if fully restated.

31. Defendant's actions as set forth above constitute a violation of M.G.L.A., Chapter 151, § 1A.

32. Defendant paid Plaintiff less than the overtime rate of compensation required by M.G.L.A., Chapter 151, § 1A since on or about September 2002.

33. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages including, but not limited to, unpaid over-time compensation and attorney's fees and costs.

34. **WHEREFORE**, Plaintiff prays for Judgment against Defendant in an amount to be determined at trial, which shall include unpaid over-time compensation, treble damages together with reasonable attorney's fees and costs.

### DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands a trial by jury in all issues so triable.

Dated: April 28, 2005

**ROBERT LINGLEY,**
By His Attorneys,

**RUBIN, WEISMAN, COLASANTI, KAJKO & STEIN, LLP**

_____
David B. Stein, BBO# 556456
Alexis R. Davison, BBO# 656361
430 Bedford Street
Lexington, MA 02420
Tel.: (781) 860-9500
Fax: (781) 863-0046

05 1 913 WGY

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Robert Lingley

## DEFENDANTS
Bernardi's, Inc.

(b) County of Residence of First Listed Plaintiff: **Middlesex**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) 781-860-9500
David Stein; Rubin, WEisman, Colasanti, Kajko & Stein, 430 Bedford St., Lexington, MA 02420

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Fair Labor Standard Act 29u.s.c.a. 201, et. seq.
Brief description of cause:
Failure to pay overtime wages.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 65,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: April 28, 2005
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Lingley v. Bernardi's Inc.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ___  I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ✓   II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

   ___  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ___  IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   ___  V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   
   YES ☐   NO ☒
   
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   
   YES ☒   NO ☐
   
   A. If yes, in which division do all of the non-governmental parties reside?
   
   Eastern Division ☒   Central Division ☐   Western Division ☐
   
   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
   
   Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __David Stein__
ADDRESS __430 Bedford St, Lexington MA 02420__
TELEPHONE NO. __781 860 9500__

(CategoryForm.wpd -5/2/05)